

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CHERYL SIMPSON,<br>   Plaintiff,<br><br>vs.<br><br>CDM SMITH INC.,<br>   Defendant. | §<br>§<br>§<br>§<br>§   Civil Action No. 3:20-04090-MGL<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Cheryl Simpson (Simpson) filed this civil action against Defendant CDM Smith, Inc. (CDM Smith), alleging disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102, *et seq.*; retaliation in violation of the ADA, willful violation of the anti-retaliation provision of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*; willful violation of the anti-retaliation provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*; race discrimination under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e, *et seq.*; and retaliation under Title VII.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant CDM Smith's motion for summary judgment.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.     FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge filed the Report on June 13, 2022, Simpson objected on June 27, 2022, and CDM Smith replied on July 6, 2022.  The Court has carefully reviewed Simpson's objections, but, with one small exception noted below, holds them to be without merit.  It will therefore enter judgment accordingly.

The Report sets out a comprehensive recitation of the facts of this case, which the Court will summarize here, and supplement below as necessary.

Simpson, a Black woman, worked as a Level 6 Contract Administrator for CDM Smith, an engineering and construction firm.  In 2015, when CDM Smith moved to a new office space, Simpson experienced a severe allergic reaction that forced her to work from home.

After receiving a lower-than-anticipated pay raise in 2016 and 2017, Simpson wrote to her immediate supervisor, Loretta Donofrio (Donofrio) raising concerns that "[a]s an educated African American Woman with disabilities, the company has not acknowledged or consider[ed] the wealth of knowledge I have, nor my skill set."  Simpson Letter at 2.  Additionally, in 2017, other employees received promotions, but Simpson did not.

Later in 2017, Simpson was approved for intermittent FMLA leave to care for her ailing mother.  Simpson alleges Donofrio pressured her to work during her FMLA leave.  She also raised concerns that CDM Smith had failed to properly pay her for overtime work and that it transferred her projects to other employees without her consent.

In 2018, CDM Smith terminated Simpson as part of a reduction-in-force (RIF).  Sarah Busche (Busche), the Senior Director of Project Accounting, chose the employees to terminate to allow CDM Smith to save money.  CDM Smith terminated seven employees, two for performance issues, one for lack of work, and four—including Simpson—based on productivity rates.

2

Specifically, although those four employees may have performed to standard, they had the fewest number of billing invoices during a three-month period preceding the RIF. Of the seven terminated employees, four were white, two were Black, and one was Asian.

### III.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### IV.     DISCUSSION AND ANALYSIS

   A.     ***Whether the Magistrate Judge erred in her determination that Simpson failed to provide evidence that the other employees chosen for the RIF had performance issues***

Simpson appears to argue that because two of the seven employees were chosen for the reduction in force due to performance issues, the Magistrate Judge erred by stating that she failed to "point to any evidence that the other employees chosen for the reduction in force had performance issues that required discipline or counseling." Report at 12. CDM Smith addresses this objection in a footnote, arguing that Simpson mischaracterizes the Report in her objection.

Although Busche stated that two individuals were terminated in the RIF due to performance issues, she failed to state those individuals had received discipline or counseling prior to their termination. Simpson presents no evidence that was the case. The Report is therefore accurate.

3

The Court will thus overrule this objection.

### B. *Whether the Magistrate Judge erred by relying on Busche's testimony regarding consulting Donofrio*

Simpson contends there is evidence creating a genuine issue of material fact as to whether Busche consulted Donofrio in deciding whether to terminate Simpson in the RIF. CDM Smith insists this argument is contradicted by the record.

In Busche's deposition, she testified that she spoke with Donofrio about Simpson five to ten times, which helped her develop her opinion about Simpson that she used in the RIF. And, Donofrio confirmed this in her own deposition, stating she complained multiple times to Busche about Simpson's responsiveness.

But, Simpson points to a portion of Donofrio's deposition wherein she states that she had no knowledge of the RIF until after it happened, and failed to discuss Simpson's termination with Busche until afterward. Additionally, Busche states in her deposition that, once she had individuals in mind for the RIF, she neglected to ask Donofrio for her recommendation because she was on vacation.

Although the evidence indicates that Busche may have failed to squarely ask Donofrio about terminating Simpson, she did consult Donofrio regarding Simpson's performance and productivity. But, any concerns failed to rise to the level of terminable performance issues, and Busche instead applied a neutral criterion, productivity, when deciding to include Simpson in the RIF.

The Court will thus overrule this objection.

      **C.**    *Whether the Magistrate Judge erred in determining Simpson put forth insufficient evidence showing that selecting her in the RIF was unlawful and Busche's reasons for discharge were pretext*

Simpson maintains that the Magistrate Judge failed to consider her situation holistically, thus ignoring evidence of pretext. CDM Smith insists that Busche applied neutral criteria to choose employees for the RIF.

In an RIF, an employer must often choose to terminate employees it would otherwise retain. In other words, the employer must find some method to differentiate between employees that may have no overwhelming shortcomings. That was the case here. As previously stated, in the absence of a sufficient number of employees with performance issues, CDM Smith employed a neutral criterion, productivity, to choose the other employees for the RIF.

Simpson points out that Simpson worked on projects that were more complicated and took more time to complete invoices than other employees' projects. But, even if true, this is insufficient to create a genuine issue of material fact as to pretext. *See Beall v. Abbott Labs.*, 130 F.3d 614, 620 (4th Cir. 1997), *abrogated on other grounds as recognized in Gilliam v. S.C. Dep't of Juv. Just.*, 474 F.3d 134, 140 (4th Cir. 2007) ("absent evidence of retaliatory motive, we leave to the employer's discretion the method of evaluating an employee's job performance").

She also argues that CDM Smith had shifted some of her work to other employees, thus lowering the number of projects for which she could complete invoices. Some of those employees purportedly had insufficient work, yet survived the RIF. She points out that she also helped other employees with their projects, taking away from her ability to produce invoices.

Again, this is insufficient to establish a genuine issue of material fact. Although CDM Smith's chosen criterion may have ignored some of the value Simpson believes she brought the company, it is not for the Court to second-guess. *See also Jiminez v. Mary Washington Coll.*, 57

5

F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII [or ADA] action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment.").

The Court will thus overrule these objections as well.

### D. Whether the Magistrate Judge erred in determining no reasonable jury could find Simpson's disability was the but-for cause of her being passed over for promotion

Simpson maintains she provided evidence that she was denied the promotions because of her disability, establishing a genuine issue of material fact. CDM Smith avouches Simpson presents conclusory assertions, mischaracterizations of evidence, and inadmissible hearsay.

First, Simpson maintains she has presented evidence a less-qualified employee received the promotion she sought. After Simpson's termination, her coworker, Sandra Edwards (Edwards) was promoted from a Level 6 to Level 7 Contract Administrator. Busche testified this was because Edwards had taken on additional work after the RIF. Edwards had only a high school education, and so had to receive an education waiver for the promotion, which generally required a bachelor's degree. Simpson, on the other hand, had a master's in business administration degree (MBA), in addition to a bachelor's degree.

Even though Edwards had fewer educational qualifications than Simpson, her promotion—months after Edwards's termination—fails to indicate pretext. CDM Smith provided evidence it promoted Edwards, despite her educational background, because of the additional work she shouldered during the RIF. Simpson fails to counter this evidence or adequately explain how Edwards's promotion creates a genuine issue of material fact.

Further, Simpson contends she presents evidence that, when she inquired about a promotion, she was told she needed to look for open positions within the firm, which would be in

contradiction of CDM Smith's promotion policy. But, the evidence she points to fails to support her argument.

For example, Donofrio stated in her deposition that Simpson had asked about positions that would allow her to use her MBA. Donofrio testified she told Simpson that none of the positions in the Contract Administrator track required a master's degree, so she could look to other job listings.

CDM Smith presented evidence it neglected to promote Simpson because she had not taken the necessary steps, including participating in project status meetings, learning to make revenue adjustments, reporting revenue adjustments to the corporate level, and discussing projects with project managers. In fact, there is evidence Donofrio spoke with Simpson about helping her take those steps, but Simpson failed to do so.

Simpson neglects to set forth evidence sufficient to create a genuine issue of material fact that her disability was the reason she was not promoted. That Simpson believes she qualified for the promotion fails to shift the analysis. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) ("Miss Anderson cannot establish her own criteria for judging her qualifications for the promotion. She must compete for the promotion based on the qualifications established by her employer."). Accordingly, the Court will also overrule these objections.

> **E.     *Whether the Magistrate Judge erred in determining Simpson's FMLA and FLSA claims are barred by the statute of limitations***

Simpson posits the Magistrate Judge erred by recommending the Court dismiss her FMLA and FLSA claims on the basis they are barred by the statute of limitations. CDM Smith counters (1) the Court should ignore Simpson's statute of limitations arguments because she failed to raise them in her response to the motion for summary judgment; and (2) the Magistrate Judge properly applied a two-year statute of limitations because Simpson failed to establish willfulness.

7

In making its de novo review of the Report, the Court is "required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted).  Thus, to the extent Simpson raises new arguments in her objections, the Court will consider them here.

As the Magistrate Judge aptly explained, the statute of limitations for both FMLA and FLSA claims is two years unless a plaintiff shows that a violation is willful, in which case it is three years.  *See* 29 U.S.C. § 2617(c) (FMLA); 29 U.S.C. § 255(a) (FLSA).

Simpson filed this cause of action more than two years and less than three years after the alleged violations, so the issue is whether Simpson has established a genuine issue of material fact that any violations of the FMLA and the FLSA were willful.

A willful violation occurs when the employer "knew or showed reckless disregard" for whether its conduct was prohibited by the statute and noting "[n]egligent conduct is insufficient[.]" *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358 (4th Cir. 2011) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 135 (1988)).

In both Simpson's response to the motion for summary judgment and in her objections, she makes conclusory statements that CDM Smith's alleged violations were willful.  But, she presents evidence she notified CDM Smith that she had unpaid overtime.  And, CDM Smith knew she took FMLA leave.  It appears she argues that CDM Smith's knowledge of these facts demonstrates a genuine issue of material fact as to willfulness sufficient to overcome the statute of limitations.

Even if there is a genuine issue of material fact as to willfulness, however, Simpson still fails to create a genuine issue of material fact as to pretext on these claims, for the reasons stated elsewhere in the Report and in this order.  *See Sharif v. United Airlines, Inc.*, 841 F.3d 199, 204 (4th Cir. 2016) (reasoning a plaintiff "cannot rely upon mere speculation or the building of one

inference upon another to establish that he was fired in retaliation for taking FMLA leave" (internal quotation marks omitted)).

The Court will therefore overrule these objections, too, and grant summary judgment on Simpson's FMLA and FLSA claims.

### F. *Whether the Magistrate Judge erred in treating Simpson's race discrimination and retaliation claims as abandoned*

Finally, Simpson contends the Magistrate Judge improperly recommended the Court consider her Title VII race discrimination and retaliation claims abandoned. CDM Smith maintains the Magistrate Judge accurately states that "Simpson does not appear to put forth any evidence that her race was a factor in her termination." Reply at 4 (quoting Report at 12 n.3).

Although the Fourth Circuit has failed to rule directly on the issue, courts in this district and within the circuit have held that "[t]he failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action." *Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp. 2d 540, 560–61 (D.S.C. 2009).

The Court need not determine whether it agrees with those courts, however. Here, Simpson addressed these causes of action in her response, even if she failed to provide evidence. Therefore, the Court refrains from considering them abandoned. It therefore sustains this objection.

Simpson nevertheless fails to demonstrate a genuine issue of material fact as to these claims. For example, she points to testimony from a Black coworker, Phyllis Thomas (Thomas), that she was also paid less than their white counterparts. But, neither Simpson nor Thomas provide any details to substantiate these allegations. Thus, for this reason and for the reasons stated above and in the Report, Simpson's Title VII claims are properly subject to summary judgment.

*****

Because the foregoing analysis is sufficient to grant summary judgment on all of Simpson's causes of action, the Court need not consider her remaining objections, nor the other arguments raised in CDM Smith's reply. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## V. CONCLUSION

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Simpson's objections, except as noted above; adopts the Report to the extent it does not contradict this order; and incorporates it herein. Therefore, it is the judgment of the Court CDM Smith's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 30th day of January 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE